UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VASQUEZ, | No. 2:19-cv-1283 AC |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| EILYA MOGHADDAM, et al. | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
////

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint states five claims, all asserting violations of the Eighth Amendment, against 41 individually named defendants. Seventeen of the defendants are medical staff at CSP-Sacramento (5 doctors and 12 nurses); ten are CSP-Sacramento Correctional Officers; three are prison supervisory officials (the Warden and two Associate Wardens); six are other, apparently civilian, prison employees; and five are medical professionals at San Joaquin General Hospital. ECF No. 1 at 3-6.

Claim One is based on medical care for plaintiff's abdominal hernia from April 2017 through June 2018. The claim is supported by a 12-page factual narrative that covers dozens of encounters with multiple medical providers and correctional staff over a 15-month period, as well as plaintiff's treatment at an outside hospital. Plaintiff alleges that all care was deliberately indifferent to his medical needs and his suffering, in violation of his Eighth Amendment rights. ECF No. 1 at 7-19.

Claim Two arises specifically from a slip and fall incident on April 7, 2018. Plaintiff fell in a flooded area of the prison yard, which he alleges constituted a safety hazard. Plaintiff claims that his Eighth Amendment rights were violated by a "living condition hazard casing injury." ECF No. 1 at 20; see also id. at 12-13, ¶ 25.

3

Claim Three alleges the use of excessive force by COs Compton, Wheeler and Perez on June 21, 2018, when they transported plaintiff to San Joaquin General Hospital for hernia repair surgery. Plaintiff alleges that his handcuffs were too tight, that that he was bounced around in the van because of reckless driving, and that he was forced to climb stairs after surgery. Plaintiff also alleges in conclusory terms that various supervisory defendants are liable for failure to protect and failure to train. ECF No. 1 at 21; see also id. at 14-17 ¶¶ 29-30.

Claim Four arises from plaintiff's June 22, 2018 fall on stairs at the prison. He claims that the stairs constituted a hazardous condition that caused him injuries. The stairs lacked red paint, grips, and signage. Plaintiff did not receive appropriate medical care for his injuries. He identifies fifteen specific defendants as responsible. ECF No. 1 at 22; see also id. at 17-18 ¶ 31.

Claim Five states that plaintiff's Eighth Amendment rights were violated by retaliation. Plaintiff incorporates all factual allegations of the complaint and asserts that all defendants are responsible for retaliating against him in all the ways described in the complaint. ECF No. 1 at 23.

IV. Failure to State a Claim

A. Claim One: Inadequate Medical Care

Inadequate medical care violates the Eighth Amendment when the acts and omissions of prison officials are "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff's allegations must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 299 (1991). The requisite state of mind. "deliberate indifference," is more than negligence or medical malpractice. Farmer v. Brennan, 511 U.S. 825, 835-837 (1994). Rather, deliberate indifference is established only where the defendant subjectively knows of and disregards an excessive risk to inmate health and safety. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Plaintiff must plead facts demonstrating both "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). These requirements apply to each defendant individually.

Claim One includes so many facts about different incidents over a fifteen-month period, involving so many different health care providers, that it cannot as a practical matter be screened as pleaded. A narrative of this length and level of detail is the opposite of the "short and plain statement" that the pleading rules require. The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002). Claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."). Complaints should not contain preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning). The court should be able to read and understand plaintiff's pleading within minutes. Id. at 1177. That is not the case here.

The court cannot undertake the Herculean task of identifying every health care provider named in Claim One and then scouring plaintiff's narrative for facts that support deliberate indifference on the part of each of them. It is plaintiff's job to identify the individuals who are responsible for violating his right to minimally adequate health care, and to clearly specify as to each of them the facts that support their liability. Not every medical provider who ever saw plaintiff is likely to be a proper defendant; this claim should be stated only against those individuals who caused the violation of plaintiff's rights. See, generally, Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court notes further than several of the named medical defendants are affiliated not with the prison but with San Joaquin General Hospital. As a general matter, private hospitals and doctors are not state actors and therefore cannot be sued under § 1983. See Briley v. California, 564 F.2d 849, 855-856 (9th Cir. 1977). To proceed against these defendants, plaintiff must plead facts demonstrating that the actions of non-CDCR defendants are attributable to the state. Grijalva v. Shalala, 152 F.3d 1115, 1119 (9th Cir. 1998), vacated on other grounds, 526 U.S. 1096 (1999). Health care providers who are not prison employees may act "under color of law"

for purposes of § 1983 liability if the facts demonstrate a sufficiently close relationship between the private actors and state authority; the fact that they treated an inmate is not enough. See West v. Atkins, 487 U.S. 42(1988); Lopez v. Dep't of Health Services, 939 F.2d 881 (9th Cir. 1991) (per curiam).

Plaintiff will be granted leave to amend.

B. Claims Two and Four: Unsafe Conditions

The Eighth Amendment guarantees humane conditions of confinement, and prison officials may be liable for deliberate indifference to an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. A claim based on failure to prevent harm, like all Eighth Amendment claims, requires both an objectively serious deprivation or risk and deliberate indifference to inmate health or safety. Id. at 834. A prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff seeks to hold a number of prison officials responsible for the conditions that led to his April 2018 fall on the yard and his June 2018 fall on the stairs. However, the facts alleged do not demonstrate that the challenged conditions posed an *excessive* risk to inmate safety, or that any of the individual defendants were aware that the conditions complained of presented an excessive risk to inmate safety. Conclusory allegations of deliberate indifference are inadequate. Also, the fact that a high-ranking defendant had general supervisory responsibilities at the prison also does not, without more, support liability. See Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

C. Claim Three: Excessive Force

The Eighth Amendment prohibits the use of excessive physical force against prisoners. Farmer, 511 U.S. at 832. (citing, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S.

1, 6-7 (1992). When determining whether the force was excessive, we look to the "extent of the injury ..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7.

Plaintiff complains of rough handling by escort and transport officers when he was taken to an outside hospital. Liberally construed, the factual allegations demonstrate no more than negligence. See ECF No. 1 at 21 (alleging unsafe driving causing plaintiff to "bounce around," painful handcuffs, requiring plaintiff to climb stairs with hernia). The facts do not demonstrate conduct maliciously and sadistically intended to cause harm.

Plaintiff's allegations regarding the denials of his inmate grievance do not support liability for excessive force, because the alleged constitutional violation had already occurred. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (alleged wrongful denial of inmate appeals does not support § 1983 claim); George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (ruling against a prisoner on an administrative complaint about a completed injury does not cause or contribute to the violation). Plaintiff's conclusory allegations of failure to train are not sufficient to state a claim against the supervisors of the transport officers. See Corales, 567 F.3d at 570.

### D. Claim Five: Retaliation

Claim Five purports to state a claim for retaliation in violation of the Eighth Amendment, and is based on all facts previously alleged in the complaint. This approach to pleading violates Rule 8 for the reasons explained in relation to Claim One.

To the extent that the conduct alleged to be retaliatory is also alleged to independently violate plaintiff's Eighth Amendment rights (such as deliberately indifferent medical care or excessive risks to inmate safety), this claim is duplicative and unnecessary. Retaliatory motive is not an element of any Eighth Amendment claim, and the allegation of retaliation adds nothing to plaintiff's potential recovery.

Adverse treatment of an inmate that does not itself rise to the level of a constitutional violation may, if retaliatory, provide an independent constitutional claim under § 1983 only if the retaliation was directed at plaintiff's exercise of his First Amendment rights. See Rhodes v.

Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  To state a claim for retaliation, plaintiff must allege facts showing that (1) the defendant took specified adverse action against plaintiff (2) because of (3) conduct of plaintiff's that was protected by the First Amendment, and that the adverse action (4) chilled plaintiff's exercise of his rights and (5) did not reasonably advance a legitimate correctional goal.  Id.  There are no such allegations here.

V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint has been screened and the court finds that it does not state any claim for relief. Your medical care claim includes too much narrative and detail, without identifying in simple terms the facts demonstrating deliberate indifference on behalf of the defendants individually. Your claims involving unsafe conditions do not state facts showing that particular defendants were aware of an excessive risk to your safety. Your excessive force claim describes negligence, not a deliberate attempt to injure you in order to cause you harm. "Retaliation" only supports a § 1983 claim if the alleged retaliation is in response to your exercise of First Amendment rights.

Because the complaint does not state a claim for which relief may be granted, it will not be served. You may file an amended complaint that tries to fix the problems identified in this order.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

<u>CONCLUSION</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint has been screened and found not to state any claim for relief.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in

accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 13, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE