1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW VASQUEZ,                        No.  2:19-cv-1283 AC

12              Plaintiff,

13        v.                                ORDER

14   EILYA MOGHADDAM, et al.

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to

18   42 U.S.C. § 1983.  The original complaint was screened and found not to state claim for relief;

19   plaintiff was granted leave to amend.  ECF No. 8.  Plaintiff's First Amended Complaint, ECF No.

20   14, is now before the court.

21        I.        Statutory Screening of Prisoner Complaints

22        The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

26   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

27        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

                                            1

Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

2

1    II.    First Amended Complaint

2         The First Amended Complaint (FAC) presents seven claims—two more than the original

3    complaint—against 41 individually named defendants.  Seventeen of the defendants are medical

4    staff at CSP-Sacramento (5 doctors and 12 nurses); ten are CSP-Sacramento Correctional

5    Officers; three are prison supervisory officials (the Warden and two Associate Wardens); six are

6    other, apparently civilian, prison employees; and five are medical professionals at San Joaquin

7    General Hospital (SJGH).  ECF No. 14 at 3-6.  The 29-page complaint is accompanied by almost

8    200 pages of exhibits.  The statement of claims is preceded by a 14-page statement of

9    "background" facts that consists primarily of a detailed recitation of plaintiff's medical care at

10   CSP-Sacramento and at SJGH, his related grievances, and numerous interactions with the named

11   defendants from April 2017 through August 2018.  Id. at 7-20.  Each of the ensuing claims

12   purports to incorporate all of these facts.

13        Claim One specifically alleges that CSP-Sacramento doctor Moghaddam was deliberately

14   indifferent to plaintiff's serious medical needs during the relevant period by failing to diagnose

15   plaintiff's hernia, failing to refer plaintiff in a timely fashion for hernia repair surgery, ignoring

16   plaintiff's complaints of pain before and after surgery, ruling on plaintiff's complaints about his

17   own actions, putting false medical information into plaintiff's medical record, refusing to provide

18   crutches or a cane after plaintiff was injured in a fall, and causing plaintiff's fall by failing to

19   adequately treat his post-surgical pain.  No other defendant is expressly named in Claim One.

20   ECF No. 14 at 20-22.

21        Claim Two alleges that Dr. Moghaddam retaliated against plaintiff for complaining about

22   poor medical care, by denying plaintiff's grievances, making himself hearing officer and ruling in

23   his own favor, and entering false data to justify his denial of treatment.  Id. at 22-23.

24        Claim Three alleges that CO Wheeler was deliberately indifferent to plaintiff's medical

25   needs, used excessive force, and retaliated against plaintiff.  The court infers that the allegations

26   of Claim Three relate to the events of June 21, 2018, when Wheeler and others transported

27   plaintiff to San Joaquin General Hospital for hernia repair surgery.  Plaintiff alleges in Claim

28   Three that Wheeler chose not to bring a urinal, appropriate handcuffs or a wheelchair, and drove

recklessly, all of which caused plaintiff pain and injury.  Plaintiff alleges further that Wheeler tried to bribe plaintiff with fast food in exchange for refusing surgery.  Wheeler allegedly interfered with plaintiff's medical care by conspiring with defendant Arguelles (a nurse at San Joaquin General Hospital, id. at 4) to have plaintiff discharged prematurely.  Wheeler also refused to permit plaintiff the use of mobility devices authorized by medical personnel.  Id. at 23-25.

Claim Four alleges that COs Compton and Perez were deliberately indifferent to plaintiff's medical needs and failed to protect plaintiff from harm.  This claim also appears to involve plaintiff's June 21, 2018 trip to San Joaquin General Hospital for surgery.  Compton is alleged to have conspired with Wheeler to bribe plaintiff with fast food, and with Wheeler and Arguelles to discharge plaintiff too quickly.  Perez is alleged to have refused plaintiff the use of a wheelchair, requiring him to walk up stairs and thus injure himself when he stumbled and collapsed.  Id. at 25-26.

Claim Five alleges that Sgt. Mallot was deliberately indifferent to plaintiff's serious medical needs on June 22, 2018, after plaintiff sustained injuries in a fall down some stairs. Defendant Cox was administering aid to plaintiff and Mallot ordered her to stop, cursing and threatening her.  Mallot's threats caused a "domino effect" in which medical personnel left the scene; plaintiff was taken to triage but quickly discharged without being stabilized.  Id. at 26-27.

Claim Six alleges that defendants Rojas (Associate Warden), Junker (Correctional Plant Manager), Tilja (Supervisor of Building Trades), Jones (Associate Warden), Whetstone (Supervisor of Building Trades), Windh (groundskeeper), Kenros (Correctional Plant Supervisor) and Baughman (Warden) were deliberately indifferent to inmate safety in relation to the condition of the stairs on which plaintiff fell on June 22, 2018, and the chronically flooding lower track area where he had also suffered a fall.  Plaintiff states that at a June 2018 grievance hearing, Kenros, Windh and Tilja admitted that they had been reporting the flooding problem for years to their supervisors Rojas, Junker, Jones, Whetstone and Baughman, who repeatedly denied funding to fix the conditions.  Id. at 27-28; see also id. at 3, 5 (identifying defendants by position and title).

Claim Seven alleges in conclusory terms that all defendants failed to protect plaintiff from the harms inflicted by the other defendants.  Id. at 28.

4

1    III.    Claims for Which a Response Will Be Required

2        Claim One adequately alleges that Dr. Moghaddam was deliberately indifferent to

3    plaintiff's serious medical needs by failing to diagnose plaintiff's hernia, failing to refer plaintiff

4    in a timely fashion for hernia repair surgery, ignoring plaintiff's complaints of pain before and

5    after surgery, failing to adequately treat post-surgical pain, and refusing to authorize crutches or a

6    cane after plaintiff was injured in a fall, but on no other basis.  As pleaded, Claim One does not

7    lie against any other defendant.

8        Claim Three adequately alleges that Officer Wheeler was deliberately indifferent to

9    plaintiff's safety and medical needs when he transported plaintiff improperly and drove recklessly

10    in manner that caused pain and injury, and by refusing after plaintiff's surgery to permit plaintiff

11    the use of mobility devices authorized by medical personnel, but on no other basis.

12        Claim Four adequately alleges that Officer Perez was deliberately indifferent to plaintiff's

13    safety and medical needs when he refused plaintiff the use of a wheelchair, requiring him to walk

14    up stairs after surgery.  (As explained below, the allegations of Claim Four do not state an Eighth

15    Amendment claim against Officer Compton.)

16        Claim Five adequately alleges that Sgt. Mallot was deliberately indifferent to plaintiff's

17    serious medical needs by ordering staff to discontinue first aid, but on no other basis.

18    IV.    Failure to State a Claim

19        A.  Overall Deficiencies of the FAC

20        The FAC's organization and its lengthy, introductory factual narrative do not satisfy the

21    requirement of a "short and plain" statement of the nature and factual basis of each claim.  See

22    Twombly, 550 U.S. at 555.  Although the complaint expressly names 41 individuals as

23    defendants, the claims themselves (ECF No. 14 at 20-28) reference only a handful of those

24    people.  In order to assert a claim against a particular defendant, that person's participation in the

25    violation of plaintiff's rights must be specified as a fact supporting a particular claim.  Plaintiff

26    was previously advised of this requirement.  ECF No. 8 at 5, 8.  The global incorporation by

27    reference of all facts into each claim makes the problem worse, not better.  It is not the court's

28    responsibility to scour plaintiff's narrative or exhibits for facts regarding the individual

1   defendants, or to correlate those facts with plaintiff's individual claims.  See McHenry v. Renne,

2   84 F.3d 1172, 1177, 1180 (9th Cir. 1996).

3          B.  Claim One: Inadequate Medical Care by Defendants Other Than Dr. Moghaddam

4          Inadequate medical care violates the Eighth Amendment when the acts and omissions of

5   prison officials are "sufficiently harmful to evidence deliberate indifference to serious medical

6   needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Plaintiff's allegations must show both that

7   his medical needs were objectively serious, and that defendants possessed a sufficiently culpable

8   state of mind.  See Wilson v. Seiter, 501 U.S. 294, 299 (1991).  The requisite state of mind.

9   "deliberate indifference," is more than negligence or medical malpractice.  Farmer v. Brennan,

10  511 U.S. 825, 835-837 (1994).  Rather, deliberate indifference is established only where the

11  defendant subjectively knows of and disregards an excessive risk to inmate health and safety.

12  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  Plaintiff must plead facts demonstrating

13  both "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and

14  (b) harm caused by the indifference."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  These

15  requirements apply to each defendant individually.

16         In plaintiff's original complaint, he appeared to be bringing an omnibus Eighth

17  Amendment medical care claim against every medical professional he had interacted with at CSP-

18  Sacramento and San Joaquin General Hospital.  The previous screening order informed plaintiff

19  that his claim could not, as a practical matter, be screened as it had been pled.  ECF No. 8 at 4-5.

20  The FAC has moved the detailed narrative about plaintiff's medical history to the introductory

21  "Statement of Background Facts" without shortening it, while naming only Dr. Moghaddam in

22  the brief statement of Claim One—but purporting to incorporate by reference the entire universe

23  of background facts, including allegations about the conduct of all other named defendant

24  medical providers.

25         The court has found that the facts alleged in Claim One state a viable claim against Dr.

26  Moghaddam only.  To the extent that plaintiff intends to bring this claim against other medical

27  professionals by naming them as defendants, describing interactions with them in his

28  ////

1    "background facts," and/or including exhibits that reference them, no claim is stated.[1]

2              C.  Claim Two: Retaliation by Dr. Moghaddam

3         Plaintiff was previously informed of the requirements for pleading a First Amendment

4    retaliation claim.  See ECF No. 8 at 7-8 (quoting Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

5    Cir. 2005)).  Although the FAC's version of plaintiff's retaliation claim focuses on Dr.

6    Moghaddam, it appears to be largely duplicative of Claim One in that it alleges defendant acted

7    with deliberate indifference and caused further injuries, pain and suffering.  The allegation that

8    Dr. Moghaddam wrongly absolved himself in disciplinary proceedings does not sound in

9    retaliation.  The allegations that Dr. Moghaddam entered "false data" also does not support a

10   retaliation claim.

11             D.  Claim Four: Deliberate Indifference by Officer Compton

12        The allegations against Officer Compton do not rise to the level of an Eighth Amendment

13   violation.  The court does not understand plaintiff's allegation that he was bribed with Jack-in-

14   the-Box fast food to refuse surgery.  But in any case, plaintiff received the surgery so there was

15   no harm from any offer of fast food or any pressure to decline surgery.  Moreover, a transport

16   officer cannot be liable for hospital discharge decisions.  There are no facts to support the

17   existence of a conspiracy.

18             E.  Claim Six: Deliberate Indifference to Unsafe Conditions

19        Plaintiff appears to have made a sincere effort to better identify the individuals responsible

20   for the condition of the stairs and the persistent flooding of the lower track that he identifies as

21   hazards.  The allegation that defendants Kenros, Windh and Tilja reported these problems and

22   sought funds for repairs defeats a showing of deliberate indifference on their part.  The allegation

23

24   _____

     [1]  Plaintiff was previously informed that he may only proceed against private doctors and nurses
25   who work at non-CDCR facilities if he pleads facts demonstrating that their actions are
     attributable to the state.  See Grijalva v. Shalala, 152 F.3d 1115, 1119 (9th Cir. 1998), vacated on
26   other grounds, 526 U.S. 1096 (1999); Lopez v. Dep't of Health Services, 939 F.2d 881 (9th Cir.
     1991) (per curiam).  The undersigned has identified no such allegations in the FAC.  If plaintiff
27   choose to file a third amended complaint, he should either drop the SJGH defendants or make the
     necessary allegations of state action in addition to stating the facts that show deliberate
28   indifference to his serious medical needs.

                                                    7

1   that Rojas, Junker, Jones, Whetstone and Baughman rejected recommendations for repairs falls

2   short because the facts do not demonstrate that these individuals each subjectively knew that the

3   condition of the stairs and the seasonal flooding of the yard posed a substantial risk of serious

4   harm to inmates.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Knowing that repairs are

5   needed is not the same thing as knowing that without repairs, a problem is so bad that it presents a

6   substantial risk of serious harm.

7        To the extent that plaintiff believes his exhibits or facts in his background statement

8   address this element of liability, he is informed that the basic facts supporting the claim must be

9   briefly stated in the claim itself.  If plaintiff does not know of facts demonstrating a particular

10   defendant's knowledge of the severity of the risk, and that individual's personal involvement in

11   rejecting staff requests for repairs, he will not be able to state a claim against that person and

12   should consider dropping them from any amended complaint.

13        F.   Claim Seven: Failure to Protect

14        Claim Seven contains no specific factual allegations, and it is not the court's job to

15   determine whether a 219-page document includes facts that might state a claim.  In general, as

16   plaintiff has been informed, no defendant is responsible for the actions of another defendant

17   unless he or she participated in the violation of plaintiff's rights, or was present during or

18   otherwise aware of an ongoing violation, was in a position to stop it, and failed to do so.  See

19   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); Corales v. Bennett, 567 F.3d 554, 570 (9th

20   Cir. 2009).

21        V.   Leave to Amend

22        For the reasons set forth above, the court finds that the complaint does not state

23   cognizable claims against defendants other than Dr. Moghaddam on Claim One, Officer Wheeler

24   on Claim Three, Officer Perez on Claim Four, and Sgt. Mallot on Claim Five, all as construed

25   above.  Because it is possible that plaintiff may be able to allege facts to remedy this, at least in

26   part, he will be given a final opportunity to amend the complaint if he desires.

27        Plaintiff may *either* (1) proceed forthwith to serve defendants Moghaddam, Wheeler,

28   Perez and Mallot on the claims identified above, *or* (2) he may delay serving any defendant and

1  amend the complaint.

2        Plaintiff will be required to complete and return the attached notice advising the court how

3  he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

4  file a second amended complaint.  If plaintiff elects to proceed on his claims against defendants

5  Moghaddam, Wheeler, Perez and Mallot without amending the complaint, the court will proceed

6  to serve the complaint.  A decision to go forward without amending the complaint will be

7  considered a voluntarily dismissal without prejudice of all other claims and defendants.

8        If plaintiff chooses to file a second amended complaint, he must demonstrate how the

9  conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

10  v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

11  each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

12  Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

13  or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

14  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

15  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

16  268 (9th Cir. 1982) (citations omitted).

17        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

18  1119, 1125 (9th Cir. 2002).  Claims must be set forth in short and plain terms, simply, concisely

19  and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  Each claim must

20  identify the defendants against which it is brought; individuals against whom no claim is brought

21  should not be named as defendants.  The facts intended to support each claim should be set forth

22  under the heading of that claim, and should be limited to the facts that are alleged to give rise to

23  liability.  There is no need for an omnibus "Statement of Background Facts," and plaintiff is

24  cautioned that his detailed narratives defeat the purpose of stating a claim.  See McHenry, 84 F.3d

25  at 1180 (complaints should not contain preambles, introductions, argument, speeches,

26  explanations, stories, griping, vouching, evidence, attempts to negate possible defenses,

27  summaries, and the like).  The court should be able to read and understand plaintiff's pleading

28  within minutes.  Id. at 1177.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a second amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.    Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the First Amended Complaint state claims against the defendants and some do not.  You have stated a claim against Dr. Moghaddam for deliberate indifference to your medical needs (Claim One), Officer Wheeler for deliberate indifference to your safety and/or medical needs (Claim Three), Officer Perez for deliberate indifference to your safety (Claim Four), and Sgt. Mallot for deliberate indifference to your medical needs (Claim Five).  You may go forward on these claims, as narrowed slightly in Section III above.

The First Amended Complaint does not state claims against any other defendant on any other basis.  In general, you cannot state claims by putting facts into an introductory "background" section or attaching exhibits.  You have named 41 defendants while identifying the actions of only a few of them in your statement of the claims.  The court isn't responsible for figuring out if information in your "background" section or exhibits would support a claim against any of the 41 named individuals.  The court has screened only the claims identified at pages 20-28 of your complaint.

Your retaliation claim against Dr. Moghaddam is unnecessary to the extent it involves medical care, which is already covered in Claim One, and your allegations about impropriety in the appeals process don't amount to retaliation.  The things you allege Officer Compton did to you do not violate the Eighth Amendment.  As to the hazards posed by the stairs and flooding at

10

CSP-Sacramento, the physical plant staff who reported problems and were denied funding for repairs cannot be liable because the failure to repair wasn't their fault.  You need to clarify who made the decision not to authorize repairs, and how they knew that the conditions were so bad there was a significant risk inmates would be seriously harmed.  On Claim Seven, it is not enough just to say that the defendants are all responsible for failing to stop each other.

You have a choice to make.  You may *either* (1) proceed immediately on Claim One against Dr. Moghaddam, Claim Three against Officer Wheeler, Claim Four against Officer Perez, and Claim Five against Sgt. Mallot, and voluntarily dismiss the other claims, *or* (2) try to amend the complaint again.  If you want to go forward without amending, you will be voluntarily dismissing without prejudice Claim Two, Claim Four against Office Compton, Claims Six and Seven, and all defendants other than Moghaddam, Wheeler, Perez and Mallot.

If you choose to amend your complaint again, the second amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **Any claims not in the second amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The following claims of the First Amended Complaint, ECF No. 14, do not state claims for which relief can be granted: Claim One against any defendant other than Dr. Moghaddam; Claim Two in its entirely; Claim Three against any defendant other than Officer Wheeler; Claim Four against any defendant other than Officer Perez; Claim Five against any defendant other than Sgt. Mallot; Claim Six and Claim Seven in their entirety.

2.  Plaintiff has the option to proceed immediately on Claim One against Dr. Moghaddam, Claim Three against Officer Wheeler, Claim Four against Officer Perez, and Claim Five against Sgt. Mallot, as construed in Section III above, or to amend the complaint.

11

1       3.  Within fourteen days of service of this order, plaintiff shall complete and return the

2 attached form notifying the court whether he wants to proceed on the screened first amended

3 complaint or whether he wants to file a second amended complaint.  If plaintiff does not return

4 the form, the court will assume that he is choosing to proceed on the first amended complaint as

5 screened, and will recommend dismissal without prejudice of all claims and defendants other than

6 those specified in the preceding paragraph.

7 DATED: August 16, 2021

8

9 ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW VASQUEZ,

            Plaintiff,

    v.

EILYA MOGHADDAM, et al.,

            Defendants.

No.  2:19-cv-1283 AC

PLAINTIFF'S NOTICE ON HOW TO
PROCEED

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on Claim One against Dr. Moghaddam, Claim Three against Officer Wheeler, Claim Four against Officer Perez, and Claim Five against Sgt. Mallot, as construed in Section III of the screening order, without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims and all other defendants.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                         _____
                         ANDREW VASQUEZ
                         Plaintiff pro se

1