UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VASQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>EILYA MOGHADDAM, et al.,<br><br>    Defendants. | No.  2:19-cv-01283 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 48. In support of the motion, plaintiff states, in part, that he cannot afford an attorney as evidenced by the fact that he has been granted in forma pauperis status; that his imprisonment will affect his ability to litigate this case; that the issues in the case are complex and will require significant research; that he has limited access to the law library; that research has shown that prisoners rarely win cases they file on their own; and that it is in the public's interest that his request for the appointment of counsel be granted. Id. at 1-3, 10. The motion also provides several pages of argument on the merits of plaintiff's claims. Id. at 4-9.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The circumstances plaintiff presents are common to most prisoners and not exceptional. Moreover, plaintiff has demonstrated that he is capable of continuing to prosecute this matter. He has been able to make cogent, viable arguments after having reviewed the screened complaint. See ECF Nos. 14 (first amended complaint), 32 (reply). He has timely filed changes of address and a request for an extension of time. ECF Nos. 7, 12, 33. Furthermore, despite his currently reduced access to the prison law library, the instant motion demonstrates plaintiff's ability to locate and cite to statutes, medical manuals and case law. See ECF No. 48 at 2-10. For all these reasons, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 48) is DENIED.

DATED: June 14, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2