UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VASQUEZ, | No. 2:19-cv-01283 TLN AC |
| Plaintiff, | |
| v. | FURTHER SCHEDULING ORDER |
| EILYA MOGHADDAM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without an attorney in this civil rights action pursuant to 42 U.S.C. § 1983. On March 10, 2025, plaintiff filed a motion for a settlement conference date, preliminary hearing conference, and pretrial conference. ECF No. 82. In his motion, plaintiff seeks to have the court set a settlement conference, reopen and compel discovery, and set a pretrial conference date. Id. at 2-4. For the reasons discussed below, plaintiff's motion is granted in part and denied in part.

I.   Procedural History

Plaintiff filed the original complaint in this case on July 10, 2019. ECF No. 1. Upon screening the original complaint, the court determined plaintiff failed to state any claim for relief, and granted plaintiff leave to amend the complaint. ECF No. 8. Plaintiff filed the amended, and operative, complaint. ECF No. 14. Upon screening the first amended complaint ("FAC"), the court found that plaintiff adequately alleged a medical deliberate indifference claims against

defendants Moghaddam and Mallot, and safety and medical deliberate indifference claims against defendants Wheeler and Perez. ECF No. 15 at 5. Plaintiff chose to proceed on those claims and voluntarily dismiss the other claims raised in the FAC. ECF No. 16.

Defendants were served and answered the FAC. See ECF Nos. 26, 27, 35. The case was referred to post-screening Alternative Dispute Resolution ("ADR"). ECF No. 36. Defendants, however, filed a motion to opt-out of post-screening ADR because they did not believe it would be productive at that time. ECF No. 37. The court granted the motion and the case proceeded to discovery. ECF No. 38.

The court issued a discovery and scheduling order. ECF No. 39. The deadline to conduct discovery and file any motions necessary to compel discovery was July 1, 2022. Id. at 6. The only modifications made to the scheduling order were multiple extensions to file dispositive motions. ECF Nos. 53, 56. All other deadlines remained the same. Id.

Defendants filed a motion for partial summary judgment, ECF NO. 57, and plaintiff, filed a cross-motion for summary judgment and an opposition to defendants' motion. ECF Nos. 57, 62. While the motions were pending, plaintiff requested a settlement conference. ECF No. 64. Defendants opposed plaintiff's requests because they did not believe it would be productive to have a settlement conference while the motions for summary judgment were pending. ECF No. 65. Defendants, however, stated "[o]nce that motion[s] ha[ve] been adjudicated, Defendants believe that it may be appropriate for the Court to hold a settlement conference with any remaining parties and thus request to revisit the issue at that time." Id.

On July 31, 2024, the magistrate judge issued findings and recommendations granting defendants' motion for partial summary judgment and denied plaintiff's cross-motion as moot. ECF No. 75. On September 17, 2024, the district judge adopted the findings and recommendations and ordered that the defendants' motion be granted and plaintiff's motion be denied. ECF No. 78. The court further ordered that "[t]his case shall proceed to trial solely on the issue of whether Defendant Officer Wheeler was deliberately indifferent to Plaintiff's safety and medical needs when he transported plaintiff improperly and drove recklessly in a manner that caused pain and injury." Id. at 2.

1    The court then issued a further scheduling order. ECF No. 80. Discovery disclosures
2    were due December 30, 2024, and expert discovery closed January 29, 2025. See ECF No. 80 at
3    4. Plaintiff's pretrial statement and any motions necessary to obtain attendance of incarcerated
4    witnesses at trial are due on or before March 24, 2025. Id. at 5. Defendants' pretrial statement is
5    due on or before April 7, 2025. Id. The matter is set for jury trial on July 28, 2025. Id.

6    II.    Discussion

7    Given plaintiff's renewed motion and that no prior settlement conference has been held in
8    this case, the court deems it appropriate to send the case for a settlement conference. Plaintiff's
9    request for a settlement conference will therefore be granted.

10   To the extent plaintiff seeks to reopen and compel discovery, such requests will be denied.
11   Plaintiff provides no basis for reopening discovery at this stage in the litigation. See City of
12   Pomona v. SQM N. Amer. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (To amend a scheduling
13   order to reopen discovery, courts in the Ninth Circuit consider: "1) whether trial is imminent; 2)
14   whether the request is opposed; 3) whether the non-moving party would be prejudiced; 4)
15   whether the moving party was diligent in obtaining discovery within the guidelines established by
16   the court; 5) the foreseeability of the need for additional discovery; and 6) the likelihood further
17   discovery will lead to relevant evidence.").

18   Lastly, plaintiff's request to set a pretrial conference to sort out issues concerning
19   evidence and witnesses will be denied. Because a settlement conference date will be set by the
20   court and the pretrial conference deadlines are fast approaching, there is good cause for the court
21   to vacate the pretrial conference and pretrial statement deadlines. However, if the case fails to
22   settle, the court will reset the pretrial conference on the papers. The pretrial conference and
23   consideration of motions in limine will provide plaintiff with adequate opportunity to address any
24   concerns he may have concerning witnesses and evidence for trial.

25   Accordingly, IT IS HEREBY ORDERED that:
26   1. Plaintiff's motion (ECF No. 82) is granted in part and denied in part.
27       a. Plaintiff's motion for a settlement conference is granted. A subsequent order
28          will set a settlement conference date.

        b. Plaintiff's requests to reopen and compel discovery and set a pretrial conference and hearing are denied.

2. The pretrial conference date set for April 14, 2025, and the pretrial statement deadlines are vacated. If the case does not settle, the court will reset a pretrial conference on the papers and reset deadlines for filing pretrial statements.

3. The jury trial set before Honorable Troy L. Nunley is unchanged and set for July 28, 2025, at 9:00am in Courtroom #2.

DATED: March 21, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE