UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VASQUEZ, | No. 2:19-cv-1283 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| EILYA MOGHADDAM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel for trial. ECF No. 85. Plaintiff asserts that he needs counsel because his case is complex and requires a professional to conduct the trial. Id. at 1, 11. Plaintiff states "Plaintiff has done all he can to get counsel on his own but as a in forma pauperis and in pro se litigant in this is a close to unachievable task on my own only with the intervention of the Court to appoint counsel will this meritorious case be given it opportunity to seek justice at jury trial." Id. at 11 (spelling corrected).

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, in exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether

1

"exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer and the fact that this case is now set for a settlement conference on May 28, 2025, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 85) is denied without prejudice to renewal if the case does not settle and proceeds to trial.

DATED: April 3, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE